FILED '09 APR 16 15:31 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICKY A. MEHRER, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 08-6087-TC |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

COFFIN, Magistrate Judge:

Plaintiff Micky Mehrer ("Mehrer") seeks judicial review of the Social Security Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the following reasons, the Commissioner's decision should be AFFIRMED and the case should be dismissed.

## BACKGROUND

Born in 1963 (Tr. 387), Mehrer has general equivalency degree. Tr. 137.[1] Between 1990 and 2004 Mehrer reports work as a mechanic, millwright, HVAC technician, corrections supervisor, and resort maintenance worker. Tr. 132.

Mehrer applied for benefits on May 20, 2004, alleging disability since March 12, 2004. Tr. 387-91.[2] Mehrer alleges disability due to back pain, "severe depression," and impairments "unknown at this time." Tr. 131. The Commissioner denied Mehrer's applications initially and upon reconsideration. Tr. 67-75, 379-86. An Administrative Law Judge ("ALJ") held a hearing on July 21, 2006 (Tr. 438-92), and the ALJ found Mehrer not disabled on September 29, 2006. Tr. 53-61. The Appeals Council subsequently remanded this decision to the ALJ for further proceedings. Tr. 64-65. The ALJ held a second hearing on August 16, 2007 (Tr. 396-37), and again found Mehrer not disabled on October 23, 2007. Tr. 17-32. On January 18, 2009, the Appeals Council accepted additional evidence into the record denied review of the ALJ's October 2007 decision (Tr. 9-12), making this decision the Commissioner's final decision. Mehrer presently appeals.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920,

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer June 25, 2008 (Docket #11).

[2]The record before this court contains Mehrer's SSI application, but does not contain his DIB application.

2 - FINDINGS AND RECOMMENDATION

*Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Mehrer challenges the ALJ's evaluation of the medical evidence and his conclusion at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity ("SGA"). If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12 month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling ("SSR") 96-8p (available at 1996 WL 374184). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can perform his past relevant work he is not disabled. *Id.*

At step five, the Commissioner must determine if the claimant is capable of performing

3 - FINDINGS AND RECOMMENDATION

work existing in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f),

416.920(a)(4)(v), 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099

(9th Cir.1999).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098.  If the process reaches step five, the burden shifts to the Commissioner to show that "the

claimant can perform some other work that exists in "significant numbers" in the national

economy, taking into consideration the claimant's residual functional capacity, age, education,

and work experience." *Id.* at 1100.  If the Commissioner meets this burden the claimant is not

disabled. 20 C.F.R. §§ 404.1566, 404.1520(g), 416.966, 416.920(g).

### THE ALJ'S FINDINGS

The ALJ found Mehrer's "history of reports of chronic pain of obscure etiology," chronic

pain syndrome, somatization disorder, history of headaches, history of substance abuse,

"depression/dysthymia," and cervical spondylosis without neurological involvement "severe" at

step two in the sequential proceedings. Tr. 20.  The ALJ found Mehrer's asthma and

hypertension non-severe. *Id.*  The ALJ found that these impairments did not meet or equal a

listing at step three.  Tr. 22.  The ALJ found Mehrer's allegations "not credible" (Tr. 29) and

evaluated Mehrer's RFC:

> [T]he claimant has the residual functional capacity to perform a
> reduced range of light exertional work.  Lifting is limited to 20
> pounds occasionally and 10 pounds frequently.  The claimant can
> stand/walk for six hours in an eight-hour day, and can sit for about
> six hours in an eight-hour day.  Climbing ladders or scaffolds is
> precluded.  Repetitive bending over or crawling is precluded.  He
> must have an opportunity to change positions.  He is unable to
> maintain a rapid or highly demanding pace.  He must avoid lifting

with arms extended from the body. He is unable to consistently
follow detailed or complex instructions. He may need individual
redirection for the first few days of a new task.

Tr. 22. The ALJ found that Mehrer could not perform his past relevant work at step four, but

found that he could perform work in the national economy at step five. Tr. 30-31. The ALJ

therefore found Mehrer not disabled. Tr. 32.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359

F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts

from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing

*Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its

judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*,

466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading. *Id., see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Mehrer contends the ALJ improperly assessed the medical evidence and asks the court to

remand for the immediate payment of benefits.

Mehrer contends that the ALJ's inappropriately evaluated the opinions of treating

physicians Drs. Totoian and Dr. Whiteley, examining psychologists Drs. Kirkendall and

Lechneyr, and medical expert Dr. Crossen.[3]

## I.      Standard: Medical Source Statements

The ALJ must generally accord greater weight to the opinion of a treating physician than

that of an examining physician, and in turn give greater weight to an examining physician's

opinion than that of a reviewing physician.  *Lester v. Chater*, 81 F.3d 921, 830 (9th Cir. 1995).

The ALJ must give specific, legitimate reasons supported by substantial evidence for rejecting a

controverted opinion and "clear and convincing reasons" for rejecting an uncontroverted opinion.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  This evaluation may set out a detailed

and thorough summary of the facts and conflicting clinical evidence.  *Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989).  The opinion of a physician, however, is not necessarily conclusive

to the ultimate issue of disability, which is reserved for the Commissioner.  20 C.F.R. §§

404.1527(c)(1), 416.927(c)(1).

## II.     Treating Physicians

### A.      Treating Physician Dr. Totoian

Mehrer contends that the ALJ improperly rejected treating physician Dr. Totoian's

opinion that Mehrer was has "specific severe impairments," cannot perform sedentary work, and

is disabled.  Pl.'s Opening Br. 16.  The ALJ discussed Dr. Totoian's opinion at length.  Tr. 24-25.

The ALJ noted Mehrer's treatment history with Dr. Totoian and Dr. Totoian's normal clinical

examination results.  *Id.*  The ALJ also found Dr. Totoian's work restrictions unsupported by Dr.

Totoian's clinical records, and noted that disability opinions are reserved for the Commissioner.

---

[3]Mehrer's recitation of the record discusses neurologist's Dr. Balm's opinion, but Mehrer
does not challenge the ALJ's analysis of Dr. Balm's opinion.

6 -  FINDINGS AND RECOMMENDATION

Tr. 24.

### a.    Severe Impairments

Mehrer contends that the ALJ rejected Dr. Totoian's opinion that he has "specific severe impairments." Pl.'s Opening Br. 16. Mehrer does not identify impairments assessed by Dr. Totoian and rejected as non-severe by the ALJ. This submission is therefore rejected.

### b.    Sedentary Work

Mehrer also contends that the ALJ erroneously rejected Dr. Totoian's sedentary work restriction. *Id.* Mehrer subsequently contends that the ALJ rejected Dr. Totoian's finding that Mehrer could not perform sedentary work. *Id.* at 17.

The ALJ cited Dr. Totoian's March 19, 2004, statement that Mehrer could not perform any work activity. Tr. 24. The ALJ also cited forms Dr. Totoian completed in 2004 and 2005 stating that Mehrer was "totally disabled" due to depression. Tr. 25. The ALJ found all of these opinions unsupported by clinical notes or findings. Tr. 24-25.

Dr. Totoian treated Mehrer between March 10, 2004 and August 16, 2005. Tr. 324-27, 332, 334, 336, 341-42, 349. On March 10, 2004, Dr. Tototian assessed upper back pain, hypertension, asthma, depression, and lightheadness, which he thought might be related to Mehrer's hypertension. Tr. 349. Between April 9, 2004 and August 16, 2005, Dr. Totoian intermittently assessed Mehrer with back pain, osteoarthritis, depression, hypertension, and asthma. Tr. 324-27, 332, 334, 342, 349. In May 2007 Dr. Totoian noted that Mehrer experienced falling episodes and reported memory loss, and referred Mehrer to neurologist Dr. Balm. Tr. 341-42.

7 - FINDINGS AND RECOMMENDATION

Dr. Totoian did not restrict Mehrer from work activity during this period. Dr. Totoian's notes also do not indicate work-related limitations stemming from Mehrer's depression. The ALJ's finding that Dr. Totoian's work restrictions were unsupported by clinical notes or findings is therefore based upon the record. The ALJ may reject a physician's opinion for this reason. *Bayliss*, 427 F.3d at 1216. The ALJ's finding should therefore be affirmed.

            **c.**      **Dr. Totoian's Disability Opinion**

The ALJ noted Dr. Totoian's opinion that Mehrer cannot perform any work activity, and found that such disability opinions are reserved for the Commissioner. Tr. 24-25. This assertion is correct. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

Mehrer points to SSR 96-5p, which states that the adjudicator must consider opinions on issues reserved for the Commissioner. Pl.'s Opening Br. 17. The ALJ appropriately considered Dr. Totoian's disability opinion, discussed above. Mehrer's assertion that the ALJ failed to follow the Commissioner's ruling is therefore without merit.

In summary, the ALJ's findings regarding Dr. Totoian should be affirmed.

**B.**      **Treating Psychiatrist Dr. Whiteley**

Mehrer's argument states that the ALJ "rejected Dr. Whiteley's conclusions because the ALJ found that Dr. Whiteley's opinions 'appear to primarily parrot the claimant's self-reporting of limitations.'" Pl.'s Opening Br. 18 (citing Tr. 26). Mehrer does not explain or develop this argument.

The ALJ discussed Dr. Whiteley's opinion, describing the content of Dr. Whiteley's observations and clinical report and noting Mehrer's reports of depression and anger to Dr.

Whiteley. Tr. 26. The ALJ noted that although Dr. Whiteley "did not find the claimant to be currently depressed, this psychiatrist diagnosed him with a recurrent moderate major depression and pain disorder." *Id.* The ALJ also noted Dr. Whiteley's suggested work restrictions. The ALJ gave these restrictions "minimal weight" because Dr. Whiteley's report indicated that Dr. Whiteley based his restrictions upon Mehrer's reporting rather than objective findings or observations. *Id.*

The record shows that Dr. Whiteley treated Mehrer between June 28, 2004, and September 10, 2004. Tr. 277-90. Dr. Whiteley's notes contain a "symptom list" signed by Mehrer showing that Mehrer endorsed depressed, anxious and fearful moods, difficulty sleeping, bowel, stomach, and headache problems, low self-esteem and interest in activities, fatigue, suicidal thoughts, and difficulties with completing thoughts, concentration, memory, focus, staying on task, organization, completing tasks, and academic work. Tr. 289. Mehrer also endorsed marijuana abuse. *Id.* Mehrer signed and dated this document on July 2, 2004. *Id.*

Dr. Whiteley's own clinical notes, which are mostly illegible, contain few explanations for his findings. Dr. Whiteley noted Mehrer's reports that he experienced back pain (Tr. 277), is "very forgetful." Tr. 278. On July 14, 2004, Dr. Whiteley completed a functional capacities evaluation and endorsed "moderately severe" and "severe" limitations. Tr. 280. Dr. Whiteley provided no explanation for these limitations. *Id.*

The ALJ may reject physician opinions unsupported by clinical notes or findings. *Bayliss*, 427 F.3d at 1216. The ALJ may also reject physician opinions predicated upon reports of a claimant deemed not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1049 (9th Cir. 2001);

9 - FINDINGS AND RECOMMENDATION

*but see Ryan v. Astrue*, 528 F.3d 1194, 1199-00 (9th Cir. 2008) (noting that the ALJ may not reject physician reports for this reason when the report is accompanied by appropriate clinical observations or test results). The ALJ's rejection of Dr. Whiteley's report because Dr. Whiteley relied upon Mehrer's reports without additional clinical findings appropriately applied this standard. The ALJ's findings regarding Dr. Whiteley should be affirmed.

## II.    Examining Physicians

### A.    Examining Psychologist Dr. Kirkendall's Opinion

Mehrer asserts that the ALJ rejected Dr. Kirkendall's opinion because "the medical evidence does not demonstrate that the claimant has a severe physical impairment causing pain/fatigue." Pl.'s Opening Br. 18. The ALJ discussed Dr. Kirkendall's report. Tr. 25. The ALJ noted Dr. Kirkendall's diagnosis of a mood disorder with depressive features due to chronic pain and fatigue. *Id.*

Dr. Kirkendall evaluated Mehrer in an undated report. Tr. 231-235. After conducting a clinical interview and mental status exam Dr. Kirkendall assessed a mood disorder with depressive features due to chronic pain and fatigue. Tr. 235. Dr. Kirkendall made no work restrictions, other than commenting that "sustaining concentration and attention . . . would be problematic" for Mehrer. *Id.*

Though the ALJ stated that he gave "limited weight" to Kirkdenall's report, the ALJ also found Mehrer's mood disorder "severe" (Tr. 20), and found Mehrer unable to follow detailed or complex instructions." Tr. 22. The ALJ thus accepted Dr. Kirkendall's assessment. Mehrer's challenge is therefore without merit.

**B.    Examining Psychologist Dr. Lechnyr's Opinion**

Mehrer asserts that the ALJ rejected Dr. Lechnyr's opinion because Dr. Lechnyr added a

"caveat that disability status would have to be coupled to a physical impairment." Pl.'s Opening

Br. 18.

The ALJ discussed Dr. Lechnyr's opinion in some detail. Tr. 26-27. The ALJ noted Dr.

Lechnyr's psychological test results and clinical assessment. Tr. 26. The ALJ also discussed Dr.

Lechnyr's opinion that Mehrer was moderately limited in three areas of work-related functioning,

and had no marked limitations. Tr. 26-27. The ALJ quoted Dr. Lechnyr's conclusion, which

stated, "Micky is not psychologically disabled. His level of symptoms are out of proportion to

what would be expected and as a result [sic] difficult to evaluate." Tr. 27. The ALJ further

quoted Dr. Lechnyr's conclusion that a "disability rating should be based on the physical

findings." *Id.*

Dr. Lechnyr evaluated Mehrer on April 13, 2006, and performed extensive clinical testing

and evaluation. Tr. 353-71. Dr. Lechnyr assessed Mehrer with a pain disorder, somatoform

disorder, and dysthymic depressive disorder with underlying depressive disorder. Tr. 366. Dr.

Lechnyer concluded that Mehrer carried a poor prognosis for improvement, but specifically

stated that Mehrer is not psychologically disabled and, as the ALJ noted, that Mehrer exhibited

symptoms disproportionate to clinical expectations. Tr. 370.

The ALJ accepted Dr. Lechnyr's assessments of a pain syndrome, somatization,

depression, and dysthymia. Tr. 20. The ALJ's RFC assessment also found Mehrer unable to

consistently follow detailed and complex instructions, and so accepted Dr. Lechnyr's "moderate"

limitations in Mehrer's ability to maintain extended attention and concentration. Tr. 22.

The ALJ rejected Dr. Lechnyr's suggestion that Mehrer would be unable to be punctual, and complete a normal work schedule. Tr. 27. The ALJ cited Dr. Lechnyr's report that Mehrer is not psychologically disabled, and also noted that Mehrer's performance on Dr. Lechnyr's personality tests contradicted Dr. Lechnyr's proposed limitation in maintaining a workplace schedule. Tr. 27. Here the ALJ quoted Dr. Lechnyr's interpretation of administered personality tests which showed that Mehrer was "likely to be a reliable and dependable employee . . . ." Tr. 27 (citing Ex. 15F/14). The record reflects this finding. Tr. 365. The ALJ's finding that Dr. Lechnyr's suggested restriction in Mehrer's ability to maintain a work schedule is unsupported, and contradicted by, Dr. Lechnyer's own notes is based upon the record.

Mehrer fails to establish that the ALJ inappropriately rejected Dr. Lechnyr's opinion. The ALJ's assessment of Dr. Lechnyr's opinion is based upon the record and should be affirmed.

## III.    Medical Expert Dr. Crossen

Finally, Mehrer submits that the combined opinions of Drs. Totoian, Kirkendall, Lechynr, Balm, and Whitely together contradict medical expert Dr. Crossen's opinion. Pl.'s Opening Br. 18. A medical expert's opinion may constitute substantial evidence when it is consistent with treating and examining physician opinions. *Lester*, 81 F.3d at 831.

Dr. Crossen testified at Mehrer's August 16, 2007, hearing. Tr. 416-23. Dr. Crossen opined that Mehrer would experience mild limitations in activities of daily living, and moderate limitations in concentration, persistence, and pace. Tr. 417. Dr. Crossen explained that Mehrer would probably have "some problems" maintaining a job with a highly demanding pace or in

situations involving "a lot of detail." Tr. 418. Dr. Crossen explained that he could not assess

greater limitations because Mehrer has "objectively normal" intelligence, concentration, and

memory, but that, "like many people who are depressed, he . . . has a more of an insecure idea

about himself and he doesn't think he can do as well with that." *Id.* Dr. Crossen stated that he

believed Mehrer's pain and somatization disorders could explain Mehrer's behavior and

symptoms. Tr. 419. Dr. Crossen also endorsed Dr. Lechnyr's report upon questioning. Tr. 421-

22.

The ALJ cited Dr. Crossen's opinion and did not explicitly accept or reject it. Tr. 30.

Mehrer now contends that the ALJ adopted Dr. Crossen's opinion, and that the ALJ's adoption

of Dr. Crossen's opinion is "at odds with established medical doctrine." Pl.'s Opening Br., 19.

Mehrer subsequently cites a definition of somatoform disorder and infers that Dr. Crossen and

the ALJ erroneously found that Mehrer could "get over" his mental disease. *Id.* at 20.

Neither the ALJ nor Dr. Crossen made such a finding. The ALJ did not rely upon Dr.

Crossen's opinion to reject the opinions discussed above. Furthermore, Dr. Crossen's opinion is

consistent with the medical evidence accepted by the ALJ, discussed above. For these reasons,

Mehrer fails to establish that the ALJ improperly cited Dr. Crossen's opinion.

In summary, the ALJ appropriately evaluated the medical evidence. Mehrer makes no

other challenges to the ALJ's analysis. The ALJ's remaining findings should therefore be

affirmed.

## RECOMMENDATION

This court finds that the Commissioner's decision that Mehrer did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards. This court recommends the Commissioner's decision be AFFIRMED.

.

DATED this 6th day of April, 2009.

Thomas M. Coffin
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION